*241 Pfeifer, J.,
dissenting.
{¶ 74} The framework within which an issue is presented can unduly influence the outcome. For example, if you ask a stadium full of people whether requiring a Tier II sex offender to comply with certain reporting requirements shocks their sense of justice, you are unlikely to receive a single affirmative response. But as more information is provided, the likely response can be expected to change.
{¶ 75} Assume the same question but add that the offender was an adult male who had sex with a 15-year-old girl. Requiring registration and address verification will still seem reasonable, unlikely to shock a community’s sense of justice. Even so, some might ask about the age of the offender and the specifics of the reporting requirements.
{¶ 76} Assume the same question as above but add that the offender was a 21-year-old male, that the 15-year-old girl consented, and that the registration and address-verification requirements must be complied with every six months for 25 years, and now we are at the threshold. Many will see the consent as a mitigating factor, many will see the relatively modest age difference as a mitigating factor, and many will see the 25-year time period as unnecessarily long. As the majority notes, and I acknowledge, these potentially mitigating factors are not statutorily relevant, but they are nevertheless constitutionally relevant.
{¶ 77} Assume further that the offender has been determined by a psychologist to have none of the characteristics of a sex offender and to have a low risk of reoffending. There would be many who would be shocked at the severity and length of the punishment, i.e., the reporting requirements.
{¶ 78} Assume all of the above and add that the offender could have received a sentence of up to 18 months, see R.C. 2929.14(A)(4), that he was sentenced to six months in prison (the shortest term possible), and that a judge released him after he had served a mere 12 days. Now the community’s sense of justice has been violated. New would deem it appropriate to require a person who committed a crime that warranted a 12-day sentence to comply with reporting requirements every six months for the next 25 years.
{¶ 79} The touchstone of federal cruel-and-unusual-punishment analysis is that the punishment must be proportional to the crime. Weems v. United States, 217 U.S. 349, 367, 30 S.Ct. 544, 54 L.Ed. 793 (1910). The case before us fails this standard. The current statutory scheme does not allow discretion on the part of the sentencing judge. Instead, all similarly situated offenders (meaning those with a similar age differential and no prior record as a sex offender) are punished according to a one-size-fits-all standard. There is no proportionality. The sentencing judge has discretion as to imposing a prison term, but not as to the *242 registration and address-verification requirements. Offenders warranting a 12-day sentence have the same reporting requirements as those warranting an 18-month sentence. Offenders considered at low risk of reoffending have the same reporting requirements as those considered at high risk of reoffending. This lack of proportionality is constitutionally flawed.
{¶ 80} Ohio’s constitutional standard is somewhat different: a punishment is cruel and unusual when it “would be considered shocking to any reasonable person.” McDougle v. Maxwell, 1 Ohio St.2d 68, 70, 203 N.E.2d 334 (1964). It is clear to me that reasonable people would consider it shocking to require a person whose crime warranted a 12-day sentence to submit to twice-a-year reporting requirements for a 25-year period.
{¶ 81} This court has determined that the registration and address-verification requirements for Tier II sex offenders are punitive. State v. Williams, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, ¶ 16. Today we should declare that in certain circumstances, the 25-year reporting requirements are onerous enough to constitute cruel and unusual punishment. I do not believe that the registration and address-verification requirements at issue in this case are cruel and unusual with respect to all Tier II sex offenders. But as applied to Blankenship, who was deemed to warrant a prison sentence of only 12 days, who has a low risk of reoffending, and who possesses none of the characteristics of a sex offender, the requirement to register and verify his address every six months for the next 25 years “would be considered shocking to any reasonable person.” McDougle at 70.
{¶ 82} I would reverse the judgment of the court of appeals. I dissent.
O’Neill, J., concurs in the foregoing opinion.